## BANKRUPTCY PROCEEDINGS BY DEBTOR PENDING APPEAL IN ACTION AGAINST HIM.

Circuit Court of Cuyahoga County.

MARK KLEIN v. ABE SOLOMON ET AL, PARTNERS AS ABE SOLOMON & BROTHER.

Decided, June 3, 1912.

*Bankruptcy Pending Appeal—Appealed Case May Proceed to Judgment Against Bankrupt, But Execution Enjoined.*

Where, pending an appeal of a judgment against him, the judgment debtor becomes a bankrupt upon his own petition and is discharged from the payment of his debts, the appeal can still be prosecuted for the purpose of fixing the liability of the sureties on the appeal bond, but execution of judgment in the appellate court against the bankrupt should be perpetually enjoined.

*White, Johnson & Cannon,* for plaintiff in error.
*Patterson & Austin,* contra.

MARVIN, J.; NIMAN, J., concurs.

Suit was brought by the Solomons against Klein before a justice of the peace, in which the Solomons recovered judgment. Thereupon Klein appealed to the court of common pleas, giving a bond therefor with surety, as provided in Section 10383 of the General Code, the condition being, as provided in section, "That appellant will prosecute his appeal to effect without unnecessary delay, and that if on the appeal judgment be renderede against him, he will satisfy it and the costs."

While the case was pending in the common pleas court on the appeal, Klein became a bankrupt on his own petition, and obtained his discharge in the bankruptcy court from the payment of his debts. He then filed a supplemental answer in the appealed case setting up such discharge.

Both the plaintiff and the defendant made motions to the several pleadings filed by the adverse party, on which the court passed, and the case finally went to trial before a jury. At the close of the evidence the court directed a verdict for the plaintiff.

There was no error in this, unless the discharge of the defendant in bankruptcy constituted a defense to the action, and precluded the plaintiff from any right of recovery.

In the schedule of debts filed in the bankruptcy proceedings the claim of Solomon was listed, due notice of the bankruptcy proceedings was given to Solomon, and his claim was one provable in bankruptcy and was not among such claims as are not relieved against by a discharge in bankruptcy.

The order of the court in the bankruptcy proceedings was that "Mark Klein be discharged from all debts and claims which are made provable by said acts" (the acts of Congress relating to bankruptcy), "against his estate which existed on the 31st day of May, 1911." The claim of the Solomons existed at that time.

It is admitted that upon the judgment rendered in this case, no property of Klein could be taken in execution to satisfy such judgment, even though no order on that subject had been made in the case, but to remove any doubt about it, the court said in its judgment: "It is ordered that execution against said defendant, Mark Klein, be and the same is perpetually enjoined."

If this order had not been made, there would seem to be no doubt that if execution were issued and levied, Klein would have been entitled to an injunction to prevent its being carried into effect, because, by his discharge in bankruptcy, his property, except such as had been taken by the trustee in bankruptcy, was relieved from being taken to pay his debts.

Since, then, nothing could be taken from Klein to satisfy this judgment, it might be questioned whether he was prejudiced by it, and so whether the court should reverse it, even if it was found to be erroneous. However, it is not necessary to decide this question in order to reach a right conclusion in the case, as we view it.

The object of the Solomons in securing the judgment was, of course, to enable them to proceed against the surety on the appeal bond, for the bond, by its terms, only requires the surety to pay such judgment as shall be recovered against Klein. That the question presented in this case would be attended with grave difficulties, were it not settled by the courts of this state, can not be denied, but we regard it as so settled.

In the case of *Sigler* v. *Shelby*, 15 Ohio, 471, it is said: "After the appellant has become a certified bankrupt, no decree or judgment can be rendered against him." If this were the last utterance of the court on the subject, it would seem to settle the present case in favor of the contention of counsel for Klein, but it is not the last holding of the court.

In the case of *Farrell* v. *Finch*, 40 Ohio State, 337, it is said:

"Ruan in an action before a justice of the peace recovered a judgment against Clarkson, and Farrell became surety for the appeal of the action to the court of common pleas.

"While the case was pending in the common pleas coiurt, Clarkson obtained a discharge in bankruptcy; *Held*: That while the discharge of Clarkson suspended all remedy against him for the collection of his debts, it did not release Farrell from liability on the undertaking for appeal."

Little as is said in the report of this case, for the foregoing quotation gives the entire report, so long as it remains undisturbed it settles the question that somehow this surety, in a case like the present, can be held on the bond, and this, taken in connection with the last head-note of *Sigler* v. *Sheby, supra,* would seem to settle the question that judgment could be entered against the bankrupt principal. That head-note reads:

"To charge the bail, a judgment or decree must be rendered against the appellant personally, and an execution against him have been returned *nulla bona.*"

In the case of *The Sleepy Eye Milling Co.* v. *E. M. Walsh,* 14 C.C.(N.S.), 509, it is held, in an opinion announced by Judge Henry, that for the purposes of that case a judgment might be taken against a discharged bankrupt debtor, for the purpose of fixing the liability of the sureties upon his bond given for release of attached property, and upon bond given in appeal.

It is urged here that the matter really under consideration in that case was whether such judgment could be taken for the purpose of fixing liability upon the sureties on an attachment bond.

We do not recognize a distinction between the two kinds of bonds, viz., appeal bonds and attachment bonds, which could affect the question here under consideration. If no judgment can

be taken in any case against the bankrupt, then no surety on either kind of bond could be made to respond, where a discharge in bankruptcy had intervened. Not only so, but the conditions of the two bonds are too nearly akin to warrant any distinction in regard to the liability of the surety to respond.

The condition of the appeal bond is that "If on the appeal judgment be rendered against him" (the appellant) "he will satisfy it and the costs." G. C., 10383. The condition of the bond in attachment is "That the property or its appraised value in money will be forthcoming to answer the judgment of the court in the action." G. C., 10258.

The judgment of this court in the last named case was affirmed without report on June 20, 1911, as appears by 84 Ohio State, 495.

We reach the conclusion in this case; therefore; that the judgment should be and the same is affirmed.